UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12-CR-00369 JCH (NAB) |
| | ) | |
| REGINALD WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS
EVIDENCE, STATEMENTS, BRADY MATERIALS AND BILL OF PARTICULARS**

COMES NOW the United States of America, by and through its attorneys, Richard G.

Callahan, United States Attorney for the Eastern District of Missouri, and Noelle C. Collins,

Assistant United States Attorney for said District, and hereby responds to Defendant's Motion to

Suppress Evidence and Statements; Brady Disclosures and Bill of Particulars.

**Procedural History**

After arraignment on the indictment, Defendant Reginald Williams filed motions to

suppress evidence and statements.  (Docs.  45, 46).  Defendant also filed: 1) a motion for a bill of

particulars; 2) a Brady motion for disclosure of evidence; and 3) a motion for disclosure of

confidential informants.  (Docs. 41, 42 and 43).  On April 12, 2013,  the government filed a

Response to Defendant's motions.  (Doc. 52).  On April 19, 2013, this Court held an evidentiary

hearing at which time the government offered the testimony and evidence of several law

enforcement officers involved in the case.  Defendant Williams also testified on his own behalf.

On June 11, 2013, this Court issued a Report and Recommendation denying the Defendant's

1

pretrial motions.  (Doc. 63).  The District Court adopted the Report and Recommendation over

Defendant Williams' objections.  (Docs. 65, 66).

On July 24, 2013, the government sought and obtained a superseding indictment against

Defendant Williams that added four additional charges.  Count One remains the same.

**Government's Request That No Hearing Be Held Or In the Alternative That No Evidence**

**Be Heard**

In light of the Court's rulings in this case, and the nature of the current motions filed by

Defendant Williams after the superseding indictment, the government does not intend to offer

witness testimony or additional evidence at the upcoming evidentiary hearing.  Government

counsel has discussed this position with defense counsel who agreed that additional testimony is

likely not necessary for the Court to rule on Defendant's motions.

"A district court must hold an evidentiary hearing only when the moving papers are

sufficiently definite, specific and detailed to establish a contested issue of fact."  United States v.

Stevenson, ---F.3d ---, 2013 WL 4105517 at *3 (8th Cir., August 15, 2013)(citation omitted); See

also, United States v. Gill, 513 F.3d 836, 846 (8th Cir. 2008) (ruling that the district court did not

abuse its discretion when it declined to reopen suppression-hearing record for evidence deemed

to be of limited value, such as polygraph evidence).  To the extent that Defendant Williams has

repeated his prior allegations, this Court already has the record and moving papers upon which to

rely.  The only new issue raised by Defendant Williams concerns three investigative reports that

he has challenged on evidentiary grounds that should likely be heard by the District Court at

trial.  Nevertheless, the government reserves the right to raise any additional oral argument at the

hearing as may be appropriate.

**<u>Government's Response To Defendant Williams' Motion To Suppress Statements</u>**

On August 21, 2013, Defendant Williams filed a motion to suppress statements that

mirrors his prior motion to suppress statements in all respects.  (Doc. 89).  Counsel for the

government has discussed this motion with defense counsel to confirm this and defense counsel

Gaylard Williams acknowledged the same.  Thus, the government has no new response to the

Defendant's motion to suppress statements.  Given the government's prior response, and this

Court's evidentiary hearing and the District Court's ruling on this matter, the government

respectfully requests that this Court deny Defendant Williams' motion to suppress statements

without a hearing.

**<u>Government's Response To Defendant's Motions to Suppress Evidence</u>**

On August 21, 2013, Defendant Williams filed two motions to suppress evidence.  (Docs.

89, 90).  One motion repeats Williams' earlier request for suppression of the items seized from

him on September 13, 2012.   Counsel for the government has discussed this motion with

defense counsel to confirm this view and defense counsel Gaylard Williams acknowledged his

agreement.  Therefore, the government has no new response regarding the admissibility of any

items seized from Williams related to his September 13, 2012 arrest.  Given the government's

prior response, this Court's evidentiary hearing and the District Court's ruling on this matter, the

government respectfully requests that this Court deny Defendant Williams motion to suppress

evidence of items seized without a hearing.

In addition, Defendant Williams has filed a separate motion to suppress the evidence of

three reports prepared by the National Center for Missing and Exploited Children (NCMEC) at

the request of  the FBI case agents because they are "irrelevant, prejudicial and would deny his

right to a fair trial."   These arguments are not ripe nor appropriate for a pretrial ruling.  Williams

raises no cognizable challenge that the report about him was compiled or obtained in an

unconstitutional or legally inappropriate manner.  The subject matter of  all three reports details

electronic searches for the online presence of victims BD, JM and Defendant.  Williams does not

have standing to suppress the reports concerning JM and BD.[1]  A defendant has standing to

challenge the admissibility of evidence only if his own constitutional rights were violated.

United States v. Padilla, 508 U.S. 77, 81 (1993); United States v. Savucci, 448 U.S. 83, 86-87

(1980); Rakas v. Illinois, 439 U.S. 128, 134 (1978).  In order to have standing in cases involving

the Fourth Amendment, courts must find that the defendant had a reasonable expectation of

privacy in the area to be searched or the items seized.  Rawlings v. Kentucky, 448 U.S. 98, 105-

06 (1980).  Therefore, the government requests that this motion be denied without a hearing.

**Government's Response To Defendant's Brady Motion**

Defendant Williams has again filed a boilerplate Brady motion for disclosure of any and

all exculpatory evidence.  As stated previously, the government is fully aware of its obligation

under the Federal Rules of Criminal Procedure and would note that although Rule 16 compels

the United States to provide statements of the defendant to him, the disclosure of investigative

reports on their own is not governed by Rule 16 of the Federal Rules of Criminal Procedure.  The

Rule requires the Government to disclose: statements by the defendant; his criminal history;

items the Government intends to use in its case in chief; items which are material to the defense;

reports of examinations and tests; and, expert witnesses.  Fed. R. Crim. P. 16(a)(1).  Specifically

excluded from the requirements of pretrial disclosure are "reports, memoranda, or other internal

---

[1] These reports were disclosed to Williams as part of the Government's Rule 16 discovery obligations and pursuant to Brady v. Maryland, 373 U.S 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972).  All three of the reports are summaries of information about BD, JM and Defendant Williams found on the internet via their social media profiles and from other computer databases.

government documents made by... a government agent in connection with investigating... the case." Fed. R. Crim. P. 16(a)(2).

Rather than Rule 16, disclosure of reports is governed by Title 18, United States Code, Section 3500 (the Jencks Act). As required by statute, "no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." Id. See also Fed. R. Crim. P. 26.2. Although the statute does not require disclosure until the witness testifies, the government has informed the Defendant that it will provide this material at a reasonable time prior to trial, which will be no later than the Friday before trial. The timing of this disclosure comports with the local rules of practice in this Court.

Regardless, the government notes here that volumes of investigative reports, photo lineups, copies of online records and hundreds of businesses records have been disclosed to Williams. All of this material may have some bearing on the credibility of the government's witnesses and its case. Additional information continues to be disclosed by the government as it is obtained, collated and copied. This evidence includes business records and/or receipts that were obtained from numerous hotels, banks, rental car companies, telephone companies and online vendors that the government intends to use as evidence at trial to show Williams' prolific use of interstate means to transport, facilitate and further his prostitution business of women and girls.

In addition, it is also worth noting that several weeks ago the government gave to Defendant Williams a motion for a joint proposed protective order to be presented to the Court in order to facilitate the disclosure of the recorded statements and other evidence concerning the

victims in the case.  This measure was thought to be both legally necessary and appropriate,

given the fear the victims have expressed and the possible public humiliation associated with

Williams having unfettered access to the victims' discussion of their commercial sexual

exploitation.  See Title 18, United States Code, Section 3509(d).  The government has also

proposed on several occasions that defense counsel and Defendant Williams view the volumes of

evidence, demonstrative exhibits and other records at the U.S. Attorney's Office for their

convenience.  Such meetings could not be coordinated prior to Defendant's filing of his Notice

of Insanity.  Nevertheless, Williams' <u>Brady</u> motion fails to discuss these volumes of disclosures

and erroneously suggests that the government has failed to act in good faith.

Now, it is unclear whether Defendant Williams can or will sign this motion for a joint

proposed protective, which was a reasonable compromise by the government to facilitate the

disclosures his <u>Brady</u> motion seeks.[2]

**<u>Government's Response to Defendant's Motion For A Bill of Particulars</u>**

Defendant now makes a second motion for a bill of particulars even though the

superseding indictment informs him of the charges against him with sufficient precision to

enable him to prepare a defense, to avoid or minimize the danger of unfair surprise at trial, and to

enter a plea of former jeopardy.  Moreover, the defense has been provided with discovery and

early disclosures of other information and has access to materials that provide further detail into

the allegations of the superseding indictment.  Accordingly, Defendant's motion should be

denied.

---

[2] With regard to Defendant's recent Notice of Insanity, defense counsel has stated that he intends
to seek a competency and insanity evaluation upon obtaining medical records from the St. Louis
County Jail where Defendant Williams is housed pending trial. (Doc. 91).  It is unclear, however,
what Defendant Williams' timetable is for making such a motion.

The purpose of a bill of particulars is to apprise the defendant of the nature of the charges against him and to prevent undue surprise at trial.  United States v. Miller, 543 F.2d 1221, 1224 (8th Cir. 1976), cert. denied, 429 U.S. 1108 (1977).  However, a bill of particulars is not a proper vehicle by which to seek to obtain names of witnesses, evidentiary detail or the government's theory of the case.  United States v. Largent, 545 F.2d 1039 (6th Cir. 1976); United States v. Matlock, 675 F.2d 981, 986 (8th Cir. 1982).  The information sought by the Defendant in his motion is not appropriately a subject of a bill of particulars.

Nor may a bill of particulars be used by defense as a fishing expedition to learn evidentiary details about the government's case or a substitution for interrogatories.  United States v. Wessels, 12 F.3d 746, 750 (8th Cir. 1993) ("A bill of particulars, however, is not a proper tool for discovery; it is not to be used to provide detailed disclosure of the government's evidence at trial.") (citing United States v. Hester, 917 F.2d 1083, 1084 (8th Cir.1990)) (citations omitted); United States v. Crayton, 357 F.3d 560, 568 (6th Cir. 2004) (reasoning that a bill of particulars is not a tool for defendants to obtain disclosure of all government evidence before trial); United States v. Fastnacht, 332 F.3d 440, 446 (7th Cir. 2003) (ruling that motion for bill of particulars was properly denied because indictment sufficient to inform defendant of charges and enable defendant to prepare defense); United States v. Kunzman, 54 F.3d 1522, 1526 (10th Cir. 1995).

Moreover, an inquiry into the government's legal or evidentiary theory as to the means by which a defendant committed a specific criminal act is not a proper purpose for a bill of particulars.  See, e.g., United States v. Leonelli, 428 F. Supp. 880 (S.D.N.Y. 1977); United States v. Bozza, 234 F. Supp. 15 (E.D.N.Y 1964); United States v. Kahaner, 203 F. Supp. 78 (S.D.N.Y.), aff'd, 317 F.2d 459 (2d Cir.), cert. denied 375 U.S. 836 (1963).  Furthermore, a

defendant may not use a motion for a bill of particulars to compel the disclosure of a government witness list.  United States v. Largent, 545 F.2d 1039 (6th Cir. 1976).

In the instant case, the defense has been given discovery consisting of items discussed in this response; along with additional investigative reports; results from an additional search warrant obtained on Defendant Williams' Tagged.com account, and early Jencks Act materials. The defense also was informed at the arraignment and thereafter that the government is in possession of subpoenaed records that were disclosed or were made available for review by the defense.  While the superseding indictment in this case is sufficient pursuant to Rule 7(c)(1) of the Federal Rules of Criminal Procedure and the pertinent case law, the government's discovery in this case provides Defendant with additional detail concerning the allegations set forth in the superseding indictment.  Further, Defendant has not, and cannot, substantiate a claim of prejudice here.  United States v. Shepard, 462 F.3d 847, 860 (8th Cir. 2006) (no abuse of discretion in denying bill of particulars because no showing of prejudice).

WHEREFORE the Government respectfully requests that this honorable Court deny Defendant Reginald Williams' Motion for a Bill of Particulars, Motions to Suppress Evidence and Statements and Brady motion as moot or not ripe.

Respectfully submitted,

RICHARD G. CALLAHAN
United States Attorney


/s/Noelle C. Collins
NOELLE C. COLLINS,  #53115MO
Assistant United States Attorneys
111 S. 10th Street, Rm. 20.333
St. Louis, Missouri  63102
(314) 539-2200

8

CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of September, 2013, the foregoing was filed electronically with the Clerk of the Court's electronic filing system upon Gaylard T. Williams, attorney for Defendant.

/s/*Noelle C. Collins*
NOELLE C. COLLINS, #53115MO
Assistant United States Attorney